**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ABDULFATAI A. BASHIRU,** | ) | |
| **A# xxx-xx4-603,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-773-NJR** |
| | ) | |
| **WILLIAM BAR, Attorney General,** | ) | |
| | ) | |
| **CHAD WOLF, Secretary,** | ) | |
| **Department of Homeland Security,** | ) | |
| | ) | |
| **ROBERT GUARDIAN, Director,** | ) | |
| **ICE Field Office, Chicago,** | ) | |
| | ) | |
| **and** | ) | |
| **DAMON ACUFF,** | ) | |
| **Warden, Pulaski County Detention Center,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On August 10, 2020, Petitioner Abdulfatai A. Bashiru, a Nigerian citizen, filed a Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and

Customs Enforcement ("ICE") in the Pulaski County Detention Center. Bashiru sought release

from ICE custody on the basis that his detention, which then exceeded 14 months, had become

unconstitutionally prolonged. Now before the Court is Respondents' Motion to Dismiss Petition

as Moot, arguing that the Petition is now moot because Bashiru was deported to Nigeria on August

18, 2020, and is no longer in ICE custody. (Doc. 8)[1]

---

[1] Respondent mailed a copy of the instant motion to Bashiru at his address of record (the Pulaski County Detention Center) on July 29, 2020. Because Bashiru is no longer detained, however, there and has not submitted a change of address, the Court does not expect a response from him.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Thus, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement and his release does not necessarily render his petition moot. The petition must, of course, still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

In this case, the relief Bashiru requests is to be released from detention while awaiting removal or to be provided with a bond hearing. According to Respondent's Motion and the "Declaration of Deportation Officer," Bashiru has been removed to Nigeria and is no longer detained or in ICE custody. As such, the case has become moot.

For these reasons, Respondents' Motion to Dismiss Petition (Doc. 8) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). Should Petitioner wish to appeal *in forma pauperis* ("IFP"), his motion seeking leave to do so must identify the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more

than twenty-eight (28) days after the entry of the judgment; this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

      **IT IS SO ORDERED.**

      **DATED:  August 26, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**